MARS et al. v. MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS. (No. 991–4854.)*

Commission of Appeals of Texas, Section A. Oct. 5, 1927.

1. Railroads ⬦194(8)—Petition against purchasers of railroad held sufficient, though not alleging permission from Interstate Commerce Commission to assume obligation (Rev. St. 1925, art. 6422; Federal Transportation Act 1920 [49 USCA § 20a, subds. 2, 11]).

Petition in suit against purchasers of railroad on obligation assumed under Rev. St. 1925, art. 6422, alleging that obligation was assumed, held sufficient as against general demurrer, though not alleging permission from Interstate Commerce Commission under Federal Transportation Act Feb. 28, 1920, § 20a, subds. 2, 11 (49 USCA § 20a [U. S. Comp. St. § 8592a]), to assume such obligations.

2. Railroads ⬦194(6)—Federal Transportation Act held not to limit power of state to impose lien on property of interstate railroads (Federal Transportation Act 1920 [49 USCA § 20a, subd. 2]; Rev. St. 1925, art. 6422).

Federal Transportation Act Feb. 28, 1920, § 20a, subd. 2 (49 USCA § 20a [U. S. Comp. St. § 8592a]), does not limit power of state to impose lien on property of railroads engaged in interstate commerce, to secure claims and obligations enumerated in Rev. St. 1925, art. 6422.

3. Railroads ⬦194(6)—Purchaser of railroad burdened with lien cannot resist foreclosure on theory that payment of obligation was unlawfully assumed (Rev. St. 1925, art. 6422).

Purchaser of railroad burdened with lien to secure obligations enumerated in Rev. St. 1925, art. 6422, cannot resist foreclosure of lien on theory that it unlawfully assumed payment of obligation.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by W. W. Mars and others against the Missouri-Kansas-Texas Railroad Company of Texas. Judgment for plaintiffs was reversed and remanded by the Court of Civil Appeals (294 S. W. 941), and plaintiffs bring error. Judgment of Court of Civil Appeals reversed, and that of District Court affirmed.

Templeton & Templeton, of Fort Worth, for plaintiffs in error.

Thompson & Barwise and Fred L. Wallace, all of Fort Worth, for defendant in error.

BISHOP, J. This is a suit by plaintiffs in error W. W. Mars et al., against Missouri-Kansas-Texas Railroad Company of Texas, defendant in error, on an obligation imposed upon the property and franchises of the Missouri, Kansas & Texas Railway Company of Texas by the provisions of article 6422, Revised Civil Statutes 1925, to the effect that "in case of a sale of the property and franchises of a railroad company within this state" such "property and franchises so purchased shall be charged with and subject to the payment of" the character of obligation upon which this suit is based. In their petition they alleged that the property and franchises of the Missouri, Kansas & Texas Railway Company of Texas were in obedience to an order of a federal court sold by receiver to Francis F. Randolph and Hugo Blumenthal, who, together with others, applied for and secured a charter whereby a new corporation named and designated as Missouri-Kansas-Texas Railroad Company of Texas, defendant in error herein, was organized for the purpose of taking over and operating the lines of railway formerly owned by the Missouri, Kansas & Texas Railway Company of Texas, and that after defendant in error had been incorporated, the properties of said sold-out corporation were transferred and conveyed to it.

[1] In the district court plaintiffs in error recovered judgment foreclosing lien on the property owned by the Missouri, Kansas & Texas Railway Company of Texas at the time of the sale to Randolph and Blumenthal. This judgment was by the Court of Civil Appeals reversed and the cause remanded, that court in a majority opinion holding that the petition of plaintiffs in error is insufficient and subject to general demurrer, for the reason that it does not allege that upon application of defendant in error and after investigation the Interstate Commerce Commission had by order authorized it to assume the obligation upon which this suit is based. Justice Buck, in a dissenting opinion, insists that the petition tenders issues presenting a cause of action, notwithstanding it fails to allege that defendant in error had applied for and been granted permission to assume this obligation. See majority and dissenting opinions of the Court of Civil Appeals, 294 S. W. pages 941 to 947.

───────────────

Section 20a, subdivision 2, and section 20a, subdivision 11, of the Transportation Act of 1920 (49 USCA § 20a [U. S. Comp. St. § 8592a]), enacted by the Federal Congress, provide as follows:

Section 20a, subdivision (2): "From and after one hundred and twenty days after this section takes effect it shall be unlawful for any carrier to issue any share of capital stock or any bond or other evidence of interest in or indebtedness of the carrier (hereinafter in this section collectively termed 'securities') or to assume any obligation or liability as lessor, lessee, guarantor, indorser, surety, or otherwise, in respect of the securities of any other person, natural or artificial, even though permitted by the authority creating the carrier corporation, unless and until, and then only to the extent that, upon application by the carrier, and after investigation by the Commission of the purposes and uses of the proposed issue and the proceeds thereof, or of the proposed assumption of obligation or liability in respect of the securities of any other person, natural or artificial, the Commission by order authorizes such issue or assumption."

Section 20a, subdivision (11): "Any security issued or any obligation or liability assumed by a carrier, for which under the provisions of this section the authorization of the commission is required, shall be void, if issued or assumed without such authorization therefor having first been obtained, or if issued or assumed contrary to any term or condition of such order of authorization as modified by any order supplemental thereto entered prior to such issuance or assumption. * * * *"

The Court of Civil Appeals bases its holding that the petition presents no cause of action, and is therefore subject to general demurrer, on the conclusion reached by it that the quoted provisions of the transportation act have reference to the obligation upon which this suit is prosecuted; that article 6422 of our Revised Civil Statutes, properly construed, required that the Missouri, Kansas & Texas Railway Company of Texas assume payment of this obligation; and that said article in respect to the obligation is superseded by the federal Transportation Act.

If this conclusion is correct, the petition, as it presents a cause of action under the provisions of said article, must be held to contain an allegation that the Missouri-Kansas-Texas Railroad Company of Texas had assumed the obligation. If the obligation could be assumed in no way other than that provided in the Transportation Act, an allegation that it was assumed is sufficient as against general demurrer. The cases cited by Justice Buck in his dissenting opinion sustain the conclusion reached by him, and the court erred in holding that the petition stated no cause of action.

[2, 3] We are also of opinion that section 20a, subdivision 2, of the federal Transportation Act, above quoted, does not have the effect to limit the power of the state to impose a lien upon the property of railroad companies engaged in interstate commerce to secure the character of claims and obligations enumerated in article 6422. This section makes it unlawful for the carrier to issue evidences of indebtedness or assume obligations, and does not purport to declare unlawful an obligation which is neither issued nor assumed by the carrier, but which, either by statutory enactment or by contract, has been imposed upon the property purchased by such carrier prior to the time of purchase. The Missouri-Kansas-Texas Railroad Company of Texas purchased the property of the Missouri, Kansas & Texas Railway Company of Texas burdened with a lien to secure the obligation involved in this suit, and cannot resist foreclosure of the lien on the theory that it has unlawfully assumed payment of the obligation. Whether it has assumed payment is immaterial. Plaintiffs in error have the right to foreclose their lien.

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.